```
        FILED      ENTERED
        LODGED     RECEIVED

        JAN 29 2001  MR
           AT SEATTLE
        CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
     BY                       DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLIN CALLAHAN BRYNN and BRYAN NEUBERG, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SEATTLE, a municipal corporation, and PAUL SCHELL, in his capacity as Mayor of the City of Seattle and as an individual, and NORMAN STAMPER, in his capacity as Chief of Police of the City of Seattle and as an individual, and EDWARD JOINER, in his capacity as Assistant Chief of Police of the City of Seattle and as an individual, <br><br> Defendants | No COO-2123Z <br><br> ANSWER |

## I. ANSWER

Defendants The City of Seattle, Paul Schell, Norman Stamper, and Edward Joiner ("defendants"), by and through their attorneys of records, Sean Sheehan of the City of Seattle Law Department and Stafford Frey Cooper, answer the allegations contained in the complaint as follows

1   Answering paragraph 1, defendants admit that plaintiffs have filed a civil action alleging various causes of action, but deny the validity of such claims   Defendants

ANSWE



Q:\CLIENTS\300
CV 00-02123 #00000008

STAFFORD FREY COOPER
―――― Professional Corporation ――――
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

further deny that plaintiffs were denied any right secured by the constitution and laws of the United States Defendants deny all other remaining allegations

2. Answering paragraph 2, defendants deny that the acts alleged occurred, but admit that the court would have personal and subject matter jurisdiction under the statutes alleged had such acts occurred Defendants deny all other remaining allegations

3. Answering paragraph 3, defendants deny that the acts alleged occurred, but admit that the court would have pendant jurisdiction over plaintiffs' state law claim under the statute alleged had such acts occurred. Defendants deny all other remaining allegations

4. Answering paragraph 4, defendants deny that the acts and omissions alleged occurred, but admit that the acts and omissions would have occurred in King County, Washington Defendants admit that they are either residents and citizens of the State of Washington or are recognized as such under state law Defendants deny all other remaining allegations

5. Defendants deny paragraphs 5 and 6 for lack of information

6. Answering paragraph 7, defendants deny that the acts alleged occurred, but admit that venue would be proper had such acts occurred Defendants deny all other remaining allegations

7. Defendants deny paragraphs 8 and 9 for lack of information

8. Answering paragraph 10, defendants admit that the City of Seattle is a municipal corporation organized under the laws of Washington State Defendants admit that plaintiffs are suing them directly under 42 U S C § 1983 and the doctrine of *respondeat superior*, but deny the validity of the claims Defendants deny all other remaining allegations

ANSWER - 2

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

9. Answering paragraph 11, defendants admit that Paul Schell is, and was at all times pertinent to this suit, the mayor of the City of Seattle Defendants deny all other remaining allegations

10 Answering paragraph 12, defendants admit that Paul Schell was an agent and an employee of the City of Seattle and that he acted in accordance with the law and his lawful mayoral duties at all times material to this complaint Defendants deny any remaining allegations

11 Answering paragraph 13, defendants admit that the Seattle Police Department is an agency of the City of Seattle Defendants deny any remaining allegations

12 Answering paragraph 14, defendants admit that Norman Stamper was employed by the City of Seattle as the duly-commissioned Chief of Police at all times material to this complaint Defendants deny that the acts alleged occurred Defendant admit that Norman Stamper had various responsibilities and a certain amount of authority with respect to the Seattle Police Department and Seattle Police Officers that fall to his position Defendants deny all other remaining allegations

13. Answering paragraph 15, defendants admit that Norman Stamper was an agent and employee of the City of Seattle and that he acted in accordance with the law and his lawful duties as Chief of Police at all times material to this complaint Defendants deny all other remaining allegations

14 Answering paragraph 16, defendants admit that Edward Joiner was employed by the City of Seattle as the duly-commissioned Assistant Chief of Police at all times material to this complaint Defendants admit that, as Chief of Police, Norman Stamper assigned certain tasks to Edward Joiner Defendants deny all other remaining allegations

ANSWER - 3

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

15   Answering paragraph 17, defendants admit that Edward Joiner was an agent and an employee of the City of Seattle and that he acted in accordance with the law and his duties as Assistant Chief of Police. Defendants deny all other remaining allegations

16   Answering paragraph 18, defendants admit that the World Trade Organization ("WTO") held meetings in an area of Seattle sometimes referred to as "downtown" during the week of November 29 - December 3, 1999

17   Answering paragraph 19, defendants admit that people gathered in the streets of Seattle, some peacefully and many unlawfully and nonpeacefully   Defendants deny all other allegations for lack of information

18   Defendants deny paragraph 20

19   Answering paragraph 21, defendants admit that the Seattle Police Department detailed certain police officers to patrol an area of Seattle sometimes referred to as "downtown" on November 30, 1999   Defendants admit that some of the officers wore protective clothing   Defendants deny all other remaining allegations

20   Answering paragraph 22, defendants admit that, in accordance with the Seattle Police Department's Manual,  some officers are issued defensive gear that includes various weapons and devices aimed at controlling crowds and/or individuals   Defendants deny for lack of information the vague and ambiguous allegation as to what an unspecified person believes or does not believe   Defendants deny that "specialty impact munitions" were provided for the purpose of firing at citizens in the downtown area   Defendants deny that any devices used to assist in controlling crowds and/or individuals caused serious bodily injury or death   Defendants deny that defendants approved, authorized, and/or directed the use of munitions on unarmed citizens who were peacefully exercising First and Fourteenth Amendment rights   Defendants deny all other remaining allegations

21   Defendants deny paragraphs 23, 24, 25, and 26 for lack of information.

ANSWER - 4

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

22   Paragraph 27 is vague and ambiguous, and defendants therefore deny the same for lack of information

23   Defendants deny paragraphs 28, 29, 30, 31, 32, 33, 34, 35, and 36 for lack of information   Defendants deny the authenticity of the photograph attached to plaintiffs' complaint as "Attachment 1" and any allegations contained therein for lack of information

24   Defendants deny paragraph 37

25   Defendants deny paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 for lack of information

26   Defendants deny paragraph 48   Defendants further deny the authenticity of photographs attached to plaintiffs' complaint as "Attachment 2" and "Attachment 3" and any allegations contained therein for lack of information.

27   Defendants deny paragraph 49 for lack of information

28.   Defendants deny paragraph 50

29   Answering paragraph 51, defendants respond to the realleged paragraphs (¶¶ 1 - 50) as indicated above.

30   Answering paragraph 52, defendants admit that they acted in accordance with the law   Defendants deny that the acts and omissions alleged in the complaint occurred.  Defendants deny all remaining allegations

31   Answering paragraph 53, defendants deny that Colin Brynn's activities constituted federally-protected rights and that defendants violated freedoms protected by the First Amendment   Defendants deny all other remaining allegations.

32   Answering paragraph 54, defendants deny that Bryan Neuberg's activities constituted federally-protected rights and that defendants violated freedoms protected by the First Amendment   Defendants deny all other remaining allegations

33   Defendants deny paragraphs 55 and 56

ANSWER - 5

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

34    Answering paragraph 57, defendants respond to the realleged paragraphs (¶¶ 1 - 56) as indicated above

35    Answering paragraph 58, defendants admit that they acted in accordance with the law. Defendants deny that the acts and omissions alleged in the complaint occurred. Defendants deny any remaining allegations

36    Defendants deny paragraph 59

37    Answering paragraph 60, defendants deny that plaintiffs were subjected to unreasonable force in violation of the Fourth Amendment. Defendants deny all other remaining allegations

38    Defendants deny paragraphs 61 and 62

39    Answering paragraph 63, defendants respond to the realleged paragraphs (¶¶ 1 - 62) as indicated above

40    Answering paragraph 64, defendants admit that they acted in accordance with the law. Defendants deny that the acts and omissions alleged in the complaint occurred. Defendants deny any remaining allegations

41    Answering paragraph 65, defendants deny that Colin Brynn's activities constituted federally-protected rights and that defendants violated the Fourteenth Amendment with respect to Colin Brynn. Defendants deny all other remaining allegations

42    Answering paragraph 66, defendants deny that Bryan Neuberg's activities constituted federally-protected rights and that defendants violated the Fourteenth Amendment with respect to Bryan Neuberg. Defendants deny all other remaining allegations

43    Defendants deny paragraphs 67 and 68

44    Answering paragraph 69, defendants respond to the realleged paragraphs (¶¶ 1 - 68) as indicated above.

ANSWER - 6

STAFFORD FREY COOPER
Professional Corporation
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q:\CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER.DOC

45.   Answering paragraph 70, defendants admit that Paul Schell was the City of Seattle's mayor and that Norman Stamper was the City of Seattle's Chief of Police Defendants admit that the City of Seattle has in effect various lawful policies and practices Defendants deny that one of its policies, practices, or customs is to use weapons against peaceful, unarmed citizens Defendants deny all other remaining allegations

46   Answering paragraph 71, defendants deny that the incidents described in the complaint occurred. Defendants deny all other remaining allegations

47   Defendants deny paragraph 72

48   Answering paragraph 73, defendants deny that the policies, practices, and/or customs alleged in the complaint exist   Defendants admit that Norm Stamper is an authorized policy-maker on police matters.   Defendants deny all remaining allegations

49   Answering paragraph 74, defendants deny that such a policy exists. Defendants deny all other remaining allegations

50   Defendants deny paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84

51   Answering paragraph 85, defendants respond to the realleged paragraphs (¶¶ 1 - 84) as indicated above

52   Defendants deny paragraphs 86, 87, and 88

53   Answering paragraph 89, defendants respond to the realleged paragraphs (¶¶ 1 - 88) as indicated above

54   Defendants deny paragraphs 90, 91, and 92

55   Defendants deny any allegations contained in plaintiffs' Prayer for Relief

## II. AFFIRMATIVE DEFENSE

For further answer and by way of affirmative defenses, the defendants allege as follows·

ANSWER - 7

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

1.  Plaintiffs fail to state a cause of action against the City of Seattle under 42 U S C § 1983 or the United States Constitution upon which relief can be granted

2.  Individual defendants were, at all relevant times, acting in good faith and working within the course and scope of their duties  They are therefore entitled to absolute and/or qualified and/or discretionary immunity and/or are subject to the emergency doctrine

3.  If plaintiffs sustained any injuries or damages as alleged in the complaint, which defendants categorically deny, those injuries or damages were caused or contributed to by others than the named defendants over whom defendants have no control and for whom defendants have no responsibility  Those claims must therefore be dismissed

4.  If plaintiffs sustained any injuries or damages as alleged in the complaint, which defendants categorically deny, plaintiffs caused or contributed to those injuries or damages as a result of plaintiffs' contributory fault and/or willful and/or wanton misconduct and/or plaintiffs assumed the risk of injury knowingly  Those claims, in whole or in part, are therefore barred

5.  Any damages plaintiffs suffered were proximately caused by their fleeing and/or forcibly resisting arrest and/or were in the course of committing a crime at the time of the incidents alleged.

6.  Defendants had just cause for their actions

7.  Defendants actions were privileged

8.  Plaintiffs bring this suit with unclean hands

9.  Plaintiffs failed to mitigate their damages, if any

10. Process and service of process were insufficient

ANSWER - 8

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

## III. PRAYER FOR RELIEF

Having fully answered the allegations contained in plaintiffs' complaint, defendants request that the court take the following action

(1) dismiss plaintiffs' complaint with prejudice,

(2) order that plaintiffs take nothing thereby,

(3) require plaintiffs to pay all of defendants' costs, disbursements, and reasonable attorney fees in defending this action,

(4) award defendants judgment of dismissal, and

(5) grant such other and further relief in defendants' favor as the court deems just and equitable

DATED this 25th day of January, 2001

STAFFORD FREY COOPER

By _____
Ted Buck, WSBA # 22029
Heather L Carr, WSBA # 29780
Attorneys for Defendants

ANSWER - 9

STAFFORD FREY COOPER
Professional Corporation
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21696\PLEADINGS\ANSWER DOC

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **Answer to Complaint** on the following individuals

> John R Muenster, Esq
> Muenster & Koenig
> 999 Third Avenue, Suite 4100
> Seattle, WA 98104
>
> Fred Diamondstone, Esq
> 2317 - 24th Avenue East
> Seattle, WA 98112

[ ] Via Facsimile
[X] Via Mail
[ ] Via Messenger

DATED this 29th day of January, 2001, at Seattle, Washington.

_____
MARY ANN JARRETT